**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DALE B. ADAMS**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-cv-477 (UNA) |
| | ) |
| **BOB J. DOLE** *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OPINION**

This matter, brought *pro se*, is before the Court on review of plaintiff's application to proceed *in forma pauperis* and his complaint. The application will be granted, and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted, is frivolous, or seeks monetary relief from an immune defendant).

Plaintiff, a resident of Harrison, Arkansas, has brought a "Verified Complaint for Damages, Injunctive and Declaratory Relief" against long-retired United States Senator Bob Dole and current United States Senators Mitch McConnell and Lamar Alexander. The 242-paragraph pleading covers decades of historical events as far back as the Iran-Contra scandal (1985 to 1987) and the CISPES investigation (1983 to 1985), when plaintiff "was a resident of correctional facilities not adequately briefed on these scandals[.]"[1] Compl. ¶ 36; *see id.* (alleging that McConnell "has held office since 1985 fully aware of . . . abuses that harmed plaintiff Dale B. Adams, yet puts all the burden on Adams").

---

[1] *See Comm. in Solidarity With People of El Salvador (CISPES) v. Sessions*, 929 F.2d 742, 743 (D.C. Cir. 1991) (recounting the FBI's terminated investigation of the organization).

Plaintiff's wide-ranging complaint is largely incomprehensible. Its gravamen seems to be that defendants "acting individually and collectively under color of law in their official capacity . . . deprived Adams of most of [certain] rights by creating . . . disputed statutes[.]" Compl. ¶ 206. Plaintiff purports to sue under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), Compl. at 1, which creates an individual-capacity claim against federal officials who through their direct acts violate certain constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (In a *Bivens* lawsuit, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

This action, however, is predicated on the senators' enactment of laws for which they enjoy absolute immunity under the Speech or Debate Clause, U.S. CONST. art. I, § 6, cl. 1. *See Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 415 (D.C. Cir. 1995); *cf.* Compl. ¶¶ 44-54 (alleging acts by defendants that resulted in enactment of the Antiterrorism and Effective Death Penalty Act of 1996); *id*. ¶ 214 (alleging that "defendants introduced, sponsored or supported laws enacted in 1996, 2006, 2007, 2016 and 2019 to specifically harm plaintiff"); *id*. ¶¶ 218-229 (criticizing defendants for enacting or amending the Foreign Intelligence Surveillance Act).

And an "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland* 655 F.2d 1305, 1308 (D.C. Cir. 1981). Consequently, this case will be dismissed with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (A dismissal with prejudice is warranted upon determining "that 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting

*Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (other citation omitted)).  A separate Order accompanies this Memorandum Opinion.

Date: March 30, 2020

_____<br>TREVOR N. MCFADDEN, U.S.D.J.